UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ANTOINE TUGGLE, | ) 3:10CV0812 |
| | ) |
| Petitioner, | ) |
| | ) JUDGE JOHN R. ADAMS |
| v. | ) (Mag. Judge McHargh) |
| | ) |
| ROBERT WELCH, | ) |
| Warden, | ) |
| | ) |
| Respondent | ) REPORT AND |
| | ) <u>RECOMMENDATION</u> |

McHARGH, MAG. J.

The petitioner Antoine Tuggle ("Tuggle") filed a petition for a writ of habeas corpus, under 28 U.S.C. § 2254, regarding his 2007 convictions in the Lucas County (Ohio) Court of Common Pleas for complicity in the commission of murder and several other felonies. (Doc. 1.)

In his petition, Tuggle raises four grounds for relief:

1. Mr. Tuggle's right to Due Process of Law was violated when the State was permitted to amend the indictment without presentment to the Grand Jury, without due notice to the accused.

2. Mr. Tuggle was denied Due Process of Law when the Trial Court refused to instruct the jury and to present the instruction for self-defense.

3. The Trial Court denied to Mr. Tuggle the Right to Confront Accusers, in many respects violating his rights under the Confrontation Clause.

4. Mr. Tuggle was denied the effective assistance of counsel.

(Doc. 1, § 12.)

The respondent has moved to dismiss the petition on the basis that Tuggle has not exhausted his claims in the state courts. (Doc. 5.) Tuggle has filed an opposition (doc. 6), and the respondent has filed a reply (doc. 7).

## I. HABEAS CORPUS REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, which provides the standard of review that federal courts must apply when considering applications for a writ of habeas corpus. Under the AEDPA, federal courts have limited power to issue a writ of habeas corpus with respect to any claim which was adjudicated on the merits by a state court. The Supreme Court, in Williams v. Taylor, provided the following guidance:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied -- the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams v. Taylor, 529 U.S. 362, 412-13 (2002). See also Lorraine v. Coyle, 291 F.3d 416, 421-422 (6th Cir. 2002), cert. denied, 538 U.S. 947 (2003).

A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases." Williams, 529 U.S. at 405. See also Price v. Vincent, 538 U.S. 634, 640 (2003).

A state court decision is not unreasonable simply because the federal court considers the state decision to be erroneous or incorrect. Rather, the federal court must determine that the state court decision is an objectively unreasonable application of federal law. Williams, 529 U.S. at 410-12; Lorraine, 291 F.3d at 422.

## II. PROCEDURAL BACKGROUND

Tuggle filed a timely direct appeal of his conviction on Aug. 28, 2007. (Doc. 5, RX 7.) Tuggle raised the following eight assignments of error:

> 1. The court erred and the accused was denied due process and a fair trial when the court allowed the state to amend the charges filed by the Grand Jury, which resulted in impermissibly broadening or expanding the charges made in the indictment.
>
> 2. The court erred, abused its discretion or committed plain error when it allowed the jury to consider (as substantive proof) evidence the admission of which violated the hearsay rule, the defendant's right of confrontation, Rules 404(A) and (B), and the rule against opinion testimony.
>
> 3. The court erred, and the accused's right of confrontation was denied, when the court barred the defense's efforts to effectively cross-examine

the state's chief witness, Lawrence Glover, on a most (perhaps the most) critical issue in the case.

4. The court abused its discretion, simply erred, or committed plain error when it allowed a police officer to give his opinion as to why various potential witnesses were reluctant to testify, and when he was allowed to testify that various witnesses were fearful of reprisals or had, in fact, been intimidated.

5. The appellant was deprived of due process and a fair trial in the wake of the fact that his trial counsel's performance was constitutionally deficient, namely his counsel made errors so serious that he was not functioning as the "counsel" those accused in our courts are guaranteed by the Sixth Amendment.

6. The Court erred, or abused its discretion, when it refused (after being asked) to instruct the jury on self-defense.

7. The prosecutors were guilty of misconduct in connection with their elicitation of considerable impermissible evidence and in the wake of certain of the comments made by them during their opening statement and in their summations.

8. Given the verdicts finding the appellant guilty were not supported by substantial and competent evidence sufficient to meet due process standards, it follows these convictions must be reversed for the lack of sufficient evidence to support the findings of guilt beyond a reasonable doubt.

(Doc. 5, RX 8.) On Sept. 30, 2008, the court of appeals affirmed his conviction.

(Doc. 5, RX 9; State v. Tuggle, No. L-07-1284, 2008 WL 4408617 (Ohio Ct. App. Sept. 30, 2008).) The court of appeals denied his motion for reconsideration. (Doc. 5, RX 10.)

Tuggle filed a timely appeal to the Supreme Court of Ohio, setting forth eight propositions of law:

4

    1. Due process and a fair trial were denied when the court allowed the State to amend the charges which resulted in impermissibly broadening or expanding the charges in the indictment.

    2. It is inappropriate for the reviewing court to reach a mixed question of law and fact (the case here) or any issue raised for the first time on appeal in the absence of development by the parties and a ruling by the trial judge.

    3. An accused's right of confrontation is denied when the court bars the defense's efforts to effectively cross-examine the State's chief witness on a most (perhaps the most) critical issue in the case.

    4. Due process is denied and the right to confrontation violated when a court allows a police officer to give his opinion as to why various potential witnesses were reluctant to testify, and when he was allowed to testify that various witnesses were fearful of reprisals or had, in fact, been intimidated.

    5. Due process and fair trial violations occur when a trial counsel's performance is constitutionally deficient; namely, when counsel makes errors so serious that he is not functioning as the "counsel" those accused in our courts are guaranteed by the Sixth Amendment.

    6. A court errors, or abuses its discretion, when it arbitrarily refuses to instruct the jury on self-defense.

    7. The prosecutors were guilty of misconduct in their elicitation of considerable impermissible evidence and in the wake of certain of the comments made by them during their opening statement and in their summations.

    8. Where verdicts finding an accused guilty were not supported by substantial and competent evidence sufficient to meet due process standards, it follows such convictions must be reversed.

(Doc. 5, RX 13.) The court denied Tuggle leave to appeal on Feb. 18, 2009. (Doc. 5, RX 14; State v. Tuggle, 120 Ohio St.3d 1526, 901 N.E.2d 245 (2009).)

After the United States Supreme Court denied appellant's petition for writ of certiorari, doc. 5, RX 16; Tuggle v. Ohio, 129 S.Ct. 2171 (2009), Tuggle returned to

the trial court, filing a motion for a sentencing hearing. (Doc. 5, RX 17.) Tuggle argued that the original sentencing entry was void because postrelease control was required but not properly included in the sentence. Id. at 2-3. The trial court agreed, but resentenced him on Nov. 24, 2009, to essentially the same sentence of incarceration as before. (Doc. 5, RX 19.)

Tuggle filed a notice of appeal on Dec. 16, 2009, doc, 5, RX 20, and raised the following seven assignments of error:

> 1. The court erred by allowing the prosecution to violate the rights of the accused to presentment to a grand jury and to due process, in violation of both the Ohio Constitution and the United States Constitution, when the court allowed the State to amend the charges filed by the grand jury to include allegations of co-conspirators not named by the grand jury in the indictment.
>
> 2. The court erred, abused its discretion or committed plain error when it allowed the jury to consider evidence the admission of which violated the rule against opinion testimony.
>
> 3. The trial court denied to the accused his right of confrontation when the court barred the defense efforts to effectively cross-examine the State's chief witness, Lawrence Glover, as to his cell phone records.
>
> 4. The Appellant was denied the effective assistance of counsel, in violation of his rights under both the Ohio Constitution and the United States Constitution.
>
> 5. The court erred when it refused to instruct the jury on self-defense.
>
> 6. The convictions for Count I (Complicity to Commit Murder), Count II (Complicity to Commit Involuntary Manslaughter), Count III (Complicity to Commit Aggravated Riot), and Count IV (Complicity to Commit Felonious Assault) were against the manifest weight of the evidence.

      7. The convictions for Count I (Complicity to Commit Murder), Count II (Complicity to Commit Involuntary Manslaughter), Count III (Complicity to Commit Aggravated Riot), and Count IV (Complicity to Commit Felonious Assault) were not supported by sufficient evidence.

(Doc. 5, RX 21.)

      While this appeal was still pending, Tuggle filed the petition for a writ of habeas corpus on Apr. 19, 2010. (Doc. 1.) The respondent has filed a motion to dismiss the habeas petition, arguing that his appeal is still pending, and thus the habeas claims have not been exhausted. (Doc. 5.)

### III. EXHAUSTION

      A habeas petitioner cannot obtain relief unless he has completely exhausted his available state remedies. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Buell v. Mitchell, 274 F.3d 337, 349 (6th Cir. 2001) (citing Coleman v. Mitchell, 244 F.3d 533, 538 (6th Cir.), cert. denied, 534 U.S. 977 (2001)). To satisfy the exhaustion requirement, a habeas petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). The exhaustion requirement is satisfied when the highest court in the state has been given a full and fair opportunity to rule on the petitioner's claims. Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994) (citing Manning v. Alexander, 912 F.2d 878, 881 (6th Cir. 1990)).

This court does not have jurisdiction to consider a federal claim in a habeas petition which was not fairly presented to the state courts. Baldwin v. Reese, 541 U.S. 27 (2004); Jacobs v. Mohr, 265 F.3d 407, 415 (6th Cir. 2001).

Although Tuggle presented his claims in his August 2007 direct appeal (Doc. 5, RX 7-8), the state court of appeals has considered that first appeal to be a "legal nullity" under the circumstances of his case:

> . . . in State v. Mitchell, [187 Ohio App.3d 315, 319, 931 N.E.2d 1157, 1160 (Ohio Ct. App. 2010)], this court held that a trial court's noncompliant sentencing entry was not a final judgment for purposes of the rules of criminal procedure, and therefore defendant's appeal from that sentencing entry did not preclude defendant from appealing the trial court's subsequent corrected judgment of conviction and resentence. Thus, unless the Supreme Court of Ohio decides otherwise[1], this court will apply Mitchell to the facts of this case. As such, appellant's original appeal is a legal nullity, and this appeal following resentencing is appellant's first appeal as of right.

State v. Tuggle, No. L-09-1317, 2010 WL 3449245, at *1 (Ohio Ct. App. Sept. 3, 2010).

Thus, Tuggle's claims are still pending, and his state conviction is not final, because he still has the possibility of further appellate review. See generally Bachman v. Bagley, 487 F.3d 979, 982 (6th Cir. 2007) (habeas claim that challenges

---

[1] Although the respondent points out that the Supreme Court of Ohio is currently considering whether such an appeal should be considered void, State v. Fischer, 123 Ohio St.3d 1410, 914 N.E.2d 206 (Sept. 9, 2009), it does not change the fact that, at this point, Tuggle's claims have not yet been exhausted. See doc. 5, at 9.

re-sentencing judgment begins on date that re-sentencing judgment became final, rather than date original conviction became final).

Tuggle suggests that the court consider a stay of his petition.  (Doc. 6, at 2.)

The Supreme Court explained that the "stay-and-abeyance" procedure is used in circumstances where:

> . . . a petitioner comes to federal court with a mixed petition toward the end of the limitations period, [and] a dismissal of his mixed petition could result in the loss of all of his claims – including those already exhausted – because the limitations period could expire during the time a petitioner returns to state court to exhaust his unexhausted claims.

Pliler v. Ford, 542 U.S. 225, 230 (2004).  A "mixed" petition contains both unexhausted and exhausted claims.  Pliler, 542 U.S. at 227.  Tuggle's petition is not a "mixed" petition, which would be eligible for consideration of the "stay-and-abeyance" procedure.  Rather, Tuggle's petition consists solely of unexhausted claims.

The motion to dismiss (doc. 5) should be granted, because Tuggle's conviction is not yet final, and his petition consists of solely claims which have not yet been exhausted.

RECOMMENDATION

The motion to dismiss (doc. 5) should be GRANTED.


Dated:   Nov. 12, 2010                   /s/ Kenneth S. McHargh
                                         Kenneth S. McHargh
                                         United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time WAIVES the right to appeal the District Court's order. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).