UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANTOINE TUGGLE, | ) | 3:10CV0812 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | (Mag. Judge McHargh) |
| | ) | |
| ROBERT WELCH, | ) | |
| Warden, | ) | |
| | ) | |
| Respondent | ) | REPORT AND |
| | ) | <u>RECOMMENDATION</u> |

McHARGH, MAG. J.

The petitioner Antoine Tuggle ("Tuggle") had filed a petition for a writ of habeas corpus, under 28 U.S.C. § 2254, regarding his 2007 convictions in the Lucas County (Ohio) Court of Common Pleas for complicity in the commission of murder and several other felonies. (Doc. 1.)

In his petition, Tuggle raised four grounds for relief:

1. Mr. Tuggle's right to Due Process of Law was violated when the State was permitted to amend the indictment without presentment to the Grand Jury, without due notice to the accused.

2. Mr. Tuggle was denied Due Process of Law when the Trial Court refused to instruct the jury and to present the instruction for self-defense.

3. The Trial Court denied to Mr. Tuggle the Right to Confront Accusers, in many respects violating his rights under the Confrontation Clause.

4. Mr. Tuggle was denied the effective assistance of counsel.

(Doc. 1, § 12.)

The respondent had moved to dismiss the petition on the basis that Tuggle has not exhausted his claims in the state courts, and the court granted the motion, finding Tuggle's conviction was not yet final, and that his petition consists of solely claims which had not yet been exhausted. (Doc. 10; see also doc. 8.)

Tuggle now moves for reconsideration of the dismissal. (Doc. 12.) Tuggle bases his motion on a Dec. 23, 2010, decision[1] of the Supreme Court of Ohio, State v. Fischer, No. 2009-0897, 2010 WL 5349851 (Dec. 23, 2010). Based on the "new decision" in Fischer, Tuggle suggests, "the Ohio case may well have been exhausted as suggested earlier by Appellant Tuggle." (Doc. 12, at 1.)

The fact remains that Tuggle's claims, which the court has determined to be unexhausted based on the state court ruling in his own case (see, e.g., doc. 8, at 8), remain pending in the state courts.

Reference to the Lucas County Clerk's online docket[2] reveals that, on Sept. 9, Tuggle filed a motion for reconsideration of the Sept. 3, 2010, court of appeals decision. See generally doc. 8, at 8 (referring to Sept. 3 appellate decision). The court of appeals denied his motion for reconsideration on Oct. 21, 2010.

---

[1] Tuggle refers to the case as State v. Foster. Presumably, he is referring to State v. Fischer. See doc. 8, at 8 n.1; doc. 14.

[2] http://lcapps.co.lucas.oh.us/onlinedockets/

On Oct. 27, 2010, Tuggle filed a notice of appeal, and a memorandum in support of jurisdiction, in the Supreme Court of Ohio. State v. Tuggle, No. 2010-1847 (filed Oct. 27, 2010). Reference to the Supreme Court of Ohio's online docket[3] on Feb. 4, 2010, reveals the case status as "Case is Open."

Tuggle's motion does not state under what authority he moves the court to reinstate his habeas action. See generally doc. 12. The Federal Rules of Civil Procedure do not explicitly provide for a "motion for reconsideration." Because a Motion to Alter or Amend Judgment must be filed within ten days after the entry of judgment, Fed. R. Civ. P. 59(e), and this motion was filed almost seven weeks after judgment, the court will consider it as a Motion for Relief from Judgment, under Fed. R. Civ. P. 60(b). See, e.g., Manco v. Werholtz, 528 F.3d 760, 761 (10th Cir.), cert. denied, 129 S.Ct. 510 (2008).

Rule 60(b) outlines the following reasons, which may justify relief under its provisions:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

---

[3] http://www.supremecourt.ohio.gov/Clerk/ecms/

3

>    (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
>    (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b); McCurry v. Adventist Health Sys., 298 F.3d 586, 596 (6th Cir. 2002).

The party seeking to invoke Rule 60(b) bears the burden of demonstrating that the prerequisites are satisfied. McCurry, 298 F.3d at 592 (citing Jinks v. AlliedSignal, Inc., 250 F.3d 381, 385 (6th Cir. 2001)). As to the final provision, the Sixth Circuit has "repeatedly emphasized that Rule 60(b)(6) applies only in exceptional and extraordinary circumstances." McCurry, 298 F.3d at 596.

Tuggle has not demonstrated that any of the prerequisites for relief under Rule 60(b) are satisfied. It is not clear to the court that any of the provisions of Rule 60(b) would apply, or would permit the court to reinstate Tuggle's petition, which is based on unexhausted claims. The Supreme Court has instructed: "Once the petitioner is made aware of the exhaustion requirement, no reason exists for him not to exhaust all potential claims before returning to federal court." Slack v. McDaniel, 529 U.S. 473, 489 (2000).

Tuggle's claims remain pending in the state courts, and his state conviction is not yet final. The motion for reconsideration should be denied.

RECOMMENDATION

The motion for reconsideration (doc. 12) should be DENIED.

Dated:   Feb. 7, 2011              /s/ Kenneth S. McHargh
                                   Kenneth S. McHargh
                                   United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the District Court's order.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).